844 So.2d 762 (2003)
Oscar F. HUDSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 5D01-1461, 5D03-276.
District Court of Appeal of Florida, Fifth District.
May 9, 2003.
*763 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This is a sexual battery case we remanded for a limited evidentiary hearing on the issue of the state DNA expert's qualifications in statistical analysis. See Hudson v. State, 820 So.2d 1070 (Fla. 5th DCA 2002). On remand, the trial court conducted an evidentiary hearing and found that the expert was qualified. We affirm the trial court's ruling as well as Hudson's conviction.
On appeal, Hudson argues that the state failed to prove by a preponderance of evidence that its DNA analyst, Emily Booth, was qualified to render an opinion in statistical analysis because (1) she is not a mathematician; (2) she is not a statistician; (3) she could not establish the scientific reliability of the statistical formulas used; and (4) she lacked sufficient knowledge of the DNA database used.
The test on this issue is not whether the expert is a mathematician or statistician. See Darling v. State, 808 So.2d 145 (Fla.2002) (holding that fact that expert not a statistician is "not a sound basis to exclude his expert testimony regarding the statistical results"); see also Fay v. Mincey, 454 So.2d 587, 595 (Fla. 2d DCA 1984) (noting that an expert does not need a special degree or certificate in a specialized area if he has experience, skill and independent study a particular field). Nor is the expert required to personally compile the statistics in the database used, Lomax v. State, 727 So.2d 376 (Fla. 5th DCA 1999), or even have practical experience in statistics, Murray v. State, 692 So.2d 157, 164 (Fla.1997). Rather, the state must prove by a preponderance of evidence that an expert testifying about DNA statistical and population genetics analysis must demonstrate "sufficient knowledge of the database grounded in the study of authoritative sources." Id.
In the instant case, Booth demonstrated sufficient knowledge of the Florida Department of Law Enforcement ("FDLE") database used in performing her calculations. She explained the number of samples taken, the geographic areas from which they were taken and how the samples were used to establish the database. She explained that the database was constructed according to National Research *764 Council ("NRC") guidelines and had been independently validated. Booth noted that the number of samples collected and the manner in which they were collected met NRC requirements. Booth was familiar with the NRC guidelines, stating they are the standard she and her lab follows in conducting DNA analysis.
Booth also performed statistical analysis in this case using the FBI database. She testified she was familiar with the data used in compiling that database and had read the literature regarding its validation in the scientific community. Thus, Booth demonstrated sufficient knowledge of each database grounded in the study of authoritative sources.
In addition to satisfying this minimum standard, Booth had first-hand experience working on the FDLE database, having collected samples, extracted DNA and performed quantitative analysis. She also had years of practical experience performing statistical analysis as part of her work as a DNA analyst. Finally, she maintains her certification in DNA analysis, a component of which involves passing regular testing in statistical analysis.
Regarding the statistical methods used and their general acceptance, Booth gave a detailed explanation of the statistical method she used as well as the actual calculation she performed in this case. She noted that the statistical method employed was generally accepted and used nationwide. Accordingly, the trial judge correctly concluded that Booth was qualified to present the statistical component of her DNA analysis.
AFFIRMED.
THOMPSON, C.J., and SHARP, W., J., concur.